Filed 11/7/24  In re R.G. CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re R.G. et al., Persons Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, | E084250 |
| Plaintiff and Respondent, | (Super.Ct.No. RIJ2100542) |
| v. | OPINION |
| A.R., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Dorothy McLaughlin, Judge.  Conditionally reversed with directions.

Donna Balderston Kaiser, under appointment by the Court of Appeal, for Defendant and Appellant.

Minh C. Tran, County Counsel, Teresa K.B. Beecham and Julie K. Jarvi, Deputy County Counsel for Plaintiff and Respondent.

1

Defendant and appellant A.G. (Mother) appeals after the termination of her parental rights to her children at a Welfare and Institutions Code section 366.26[1] hearing.

On appeal, Mother raises one claim that the matter must be remanded to the juvenile court based on the lack of substantial evidence that the Indian Child Welfare Act of 1978 (ICWA) did not apply. She claims that plaintiff and respondent Riverside County Department of Public Social Services (the Department) did not adequately perform its duty of inquiry about Indian ancestry pursuant to section 224.2, subdivision (e), as to paternal relatives to determine whether Minor was an Indian child. The Department has conceded that the record does not support that an adequate ICWA inquiry was made; it does not oppose a conditional reversal and remand for the limited purpose of ensuring that further inquiry of paternal grandfather is conducted as required by section 224, subdivision (e).

**FACTUAL AND PROCEDURAL HISTORY**

On September 20, 2021, section 300 petitions (petitions) were filed against Mother with respect to her children R.G. (a boy; born Jan. 2013), L.G. (a girl; born Feb. 2014), Jo.G. (a boy, born Jan. 2016), and S.G. (a girl, born Nov. 2017; collectively, Minors).[2] J.G. (Father) was the presumed father of Minors but was deceased. It was alleged under section 300, subdivision (b), that Mother had left Minors with their godmother and had

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[2] A.G. (a boy, born Dec. 2005) was also initially part of the dependency proceedings but was dismissed when he was placed with his father, E.G., who was not the father of Minors.

no contact with them. Mother had left Minors with inadequate food, shelter, and medical treatment. Mother also had an unresolved history of abusing controlled substances and mental health issues including a current use of methamphetamine. Minors were detained and placed with their godmother. In the petitions, the Department provided that Mother had denied Indian ancestry.

At the detention hearing held on September 21, 2021, Mother was not present in court. The juvenile court found a prima facie showing had been made and Minors were ordered detained. Since the parties were not present, no ICWA-020 forms were completed.

The jurisdiction/disposition report was filed on October 7, 2021. The Department recommended that the allegations in the petitions be found true. It was also recommended that Minors remain in out-of-home placement. It was recommended that Mother be granted reunification services for Minors. The Department also recommended that the juvenile court find that ICWA does not apply. Mother denied any Indian ancestry. Mother had not been interviewed during the reporting period.

On October 13, 2021, Mother completed an ICWA-020 form stating she had no Indian ancestry. At a hearing held on October 13, 2021, Mother's counsel stated that Father did not have any Indian ancestry. Mother's counsel also confirmed that Mother had no Indian ancestry.

The jurisdiction/disposition hearing was held on November 2, 2021. Mother was not present in court. The allegations in the petition against Mother for Minors were found true by a preponderance of the evidence and she was granted reunification services.

3

The juvenile court adopted the Department's findings which included that ICWA did not apply.

Several review hearings were held. The juvenile court continued reunification for Mother for Minors one time. Minors remained in the care of godmother throughout the review periods. No further ICWA information came to the attention of the Department during the review periods. Mother had not made any progress in her reunification services and had little contact with Minors.

At the 12-month review hearing conducted on December 8, 2022, Mother's reunification services were terminated. Mother stated at the hearing that she had no Indian ancestry. The matter was set for a section 366.26 hearing. The Department recommended adoption as the permanent plan for Minors.

On June 15, 2023, a paternal aunt and uncle for Minors filed a motion for standing. They were seeking placement and adoption of Minors. In the motion, it was stated that relatives of Father were not aware of the dependency proceedings until May 1, 2023. Paternal grandfather and grandmother provided declarations that they were unaware of the proceedings until May 1, 2023, but wanted to be involved in Minors' lives. Paternal uncle and aunt also filed section 388 petitions seeking placement of Minors. The Department filed a response seeking a continuance of the section 366.26 hearing to assess paternal uncle and aunt for placement.

At a hearing held on July 6, 2023, paternal grandfather, paternal aunt, and paternal uncle were present. The Department was supportive of paternal aunt and uncle having placement of Minors but they needed to be assessed. Counsel for paternal aunt and uncle

4

sought placement of Minors as soon as possible.  The juvenile court approved an emergency assessment.  The Department reported that Minors had been placed with paternal aunt and uncle on July 15, 2023.  Minors were adjusting well to the new home.

At a hearing held on October 11, 2023, paternal relatives were present.  The juvenile court inquired about Indian ancestry.  Paternal uncle was not aware of any Indian ancestry and paternal aunt was related by marriage.  Paternal grandfather stated, "There is, but it's from uncles—my great uncle and my grandfather as well."  He believed it was the Navajo tribe on his mother's side of the family.  The juvenile court ordered the Department to follow up with paternal grandfather with regard to appropriate ICWA inquiry.

After the hearing, the Department filed a continued section 366.26 report.  They sought a continuance in order to complete an adoption assessment for Minors to be with paternal aunt and uncle.  As for ICWA, it only noted the juvenile court had previously found it did not apply.  On November 2, 2023, the matter was continued and there was no mention of any further ICWA inquiry with paternal grandfather.  Another addendum report was filed by the Department on February 26, 2024, seeking another continuance to complete an adoption assessment.  Paternal aunt and uncle were willing to adopt Minors.  The continuance was granted and there was no mention of further ICWA inquiry.

The Department submitted another report on April 22, 2024.  In that report, in regard to ICWA inquiry, they stated "On April 10, 2024, [Minors'] current caregiver/paternal uncle denied having any Native American ancestry, having any relatives registered to a tribe, attending tribal schools, or living on tribal lands."  The

5

Department recommended that the juvenile court find that an adequate investigation as to ICWA was made and that it did not apply. In the final report before the section 366.26 hearing, the Department recommended that the juvenile court terminate Mother's paternal rights and free Minors for adoption by paternal aunt and uncle.

The section 366.26 hearing was held on July 1, 2024. The Department noted that paternal uncle and aunt were present. In addition, another paternal uncle and aunt were present, and three cousins. The juvenile court asked all the paternal relatives present whether there was any Indian ancestry; they responded there was none. Paternal grandfather was not present. Mother's parental rights were terminated and Minors were freed for adoption by paternal uncle and aunt.

## DISCUSSION

Mother contends conditional reversal and remand to the juvenile court is necessary based on the failure of the Department to adequately perform its duty of inquiry pursuant to the requirement of section 224.2, subdivision (e), to further inquire of paternal grandfather about Indian ancestry to determine whether Minors were Indian children. The Department does not oppose a conditional reversal and remand for the limited purpose of ensuring that further inquiry is conducted pursuant to section 224.2, subdivision (e).

" 'Notice to Indian tribes is central to effectuating ICWA's purpose, enabling a tribe to determine whether the child involved in a dependency proceeding is an Indian child and, if so, whether to intervene in, or exercise jurisdiction over, the matter.' " (*In re S.R.* (2021) 64 Cal.App.5th 303, 313.) " 'ICWA itself does not impose a duty on courts

or child welfare agencies to inquire as to whether a child in a dependency proceeding is an Indian child. [Citation.] Federal regulations implementing ICWA, however, require that state courts 'ask each participant in an emergency or voluntary or involuntary child-custody proceeding whether the participant knows or has reason to know that the child is an Indian child.' . . . . [¶] . . . 'ICWA provides that states may provide "a higher standard of protection to the rights of the parent or Indian custodian of an Indian child than the rights provided under" ICWA.' " (*In re J.S.* (2021) 62 Cal.App.5th 678, 685.)

Under California law, section 224.2 "codifies and expands on ICWA's duty of inquiry to determine whether a child is an Indian child." (*In re Dezi C.* (2024) 16 Cal.5th 1112, 1132 (*Dezi*), fn. omitted.)[3] Relevant here, "When the agency has 'reason to believe' that an Indian child is involved, further inquiry regarding the possible Indian status of the child is required." (*Id*. at p. 1132; § 224.2, subd. (e)).) "The required further inquiry includes (1) interviewing the parents and extended family members; (2) contacting the Bureau of Indian Affairs (BIA) and State Department of Social Services; and (3) contacting tribes the child may be affiliated with and anyone else that might have information regarding the child's membership or eligibility in a tribe.

---

[3] Mother does not appear to make a claim that there was inadequate inquiry pursuant to section 224.2, subdivision (b)(2), which requires inquiry of extended family members and others as to whether the child is an Indian child. Minors were detained by warrant pursuant to section 340, and prior to September 27, 2024, courts had found that such inquiry was not necessary when detention was by warrant. (See *In re Ja.O.* (2023) 91 Cal.App.5th 672, review granted July 26, 2023, S280572.) However, section 224.2, subdivision (b)(2), has recently been amended to include those children detained pursuant to a warrant. (Stats. 2024, c. 656 (A.B. 81) sec. 3, eff. Sept. 27, 2024.) The juvenile court and the Department repeatedly inquired of present family members regarding Indian ancestry.

[Citation.] At this stage, contact with a tribe 'shall, at a minimum, include telephone, facsimile, or electronic mail contact to each tribe's designated agent for receipt of [ICWA] notices,' and 'sharing information identified by the tribe as necessary for the tribe to make a membership or eligibility determination, as well as information on the current status of the child and the case.' " (*Dezi*, at pp. 1132-1133.) Notice to the pertinent tribes must be provided if there is a reason to know an Indian child is involved. (§ 224.3, subds. (a), (b).) "The juvenile court may alternatively make a finding that an agency's inquiry and due diligence were 'proper and adequate,' and the resulting record provided no reason to know the child is an Indian child, so ICWA does not apply." (*Dezi*, at p. 1134.)

"[E]rror resulting in an inadequate initial Cal-ICWA inquiry requires conditional reversal with directions for the child welfare agency to comply with the inquiry requirement of section 224.2, document its inquiry in compliance with [California Rules of Court] rule 5.481(a)(5), and when necessary, comply with the notice provision of section 224.3. When a Cal-ICWA inquiry is inadequate, it is impossible to ascertain whether the agency's error is prejudicial. [Citations.] '[U]ntil an agency conducts a proper initial inquiry and makes that information known, it is impossible to know what the inquiry might reveal.' " (*Dezi*, *supra*, 16 Cal.5th at p. 1136.)

Here, there is no dispute that paternal grandfather appeared before the juvenile court and declared there may be Indian ancestry on his mother's side of the family. He named the Navajo tribe, a federally recognized tribe. (See *In re M.W.* (2020) 49 Cal.App.5th 1034, 1045.) The juvenile court ordered the Department to further inquire of

8

paternal grandfather and provide any notice that may be required. There is no evidence that such further inquiry was conducted. The only further evidence was inquiry of other paternal relatives, who denied Indian ancestry, but they may not have the same knowledge of ancestry as paternal grandfather. The record does not contain sufficient evidence to support the juvenile court's conclusion that the Department conducted an adequate ICWA inquiry and that ICWA did not apply.

## DISPOSITION

The order terminating parental rights is conditionally reversed, and the matter is remanded to the juvenile court for compliance with the inquiry requirements of section 224.2, subdivision (e). The juvenile court shall ensure the Department's compliance with the documentation provisions of California Rules of Court, rule 5.481(a)(5). If the juvenile court, after adequate further inquiry, concludes that ICWA does not apply, then the court shall reinstate the order terminating parental rights. If the juvenile court concludes that ICWA applies, then it shall proceed in conformity with ICWA and related California law.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
J.

We concur:

McKINSTER _____
Acting P. J.

FIELDS _____
J.

9